ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 MAY 16 P 12: 29

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| DONALD MCCRIMMON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CV 311-035 |
| | ) (Formerly CR 308-001) |
| UNITED STATES OF AMERICA and | ) |
| REBECCA TAMEZ, Warden, | ) |
| | ) |
| Respondents. | ) |

___

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

___

Petitioner, an inmate confined to federal custody at the Federal Correctional Institution in Fort Worth, Texas, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (doc. no. 1), as well as a "Motion for . . . Withdrawal of Guilty Plea" in which Petitioner ostensibly seeks relief pursuant to 28 U.S.C. § 2241 (doc. no. 2).[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion for . . . Withdrawal of Guilty Plea" and his § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

I. **BACKGROUND**

Pursuant to a guilty plea, Petitioner was convicted of conspiracy to possess with

___

[1] Although titled as a motion, Petitioner also wrote "Habeas Corpus 28 U.S.C. 2241(c)(2)" on the first page of the document. (Doc. no. 2, p. 1.)

intent to distribute a quantity of cocaine base, a quantity of cocaine hydrochloride, a quantity of marijuana, and a quantity of 3, 4-methylenedioxymethamphetamine, in violation of 21 U.S.C. § 846. United States v. Armstrong et al., CR 308-001, doc. no. 546 (S.D. Ga. Feb. 19, 2009) (*hereinafter* CR 308-001). A judgment of conviction was entered on February 19, 2009. Id. The Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 84 months of imprisonment followed by five years of supervised release. Id. In keeping with his plea agreement in that case, Petitioner has filed no direct appeal. See CR 308-001, doc. no. 459, p. 8. However, he did file a petition pursuant to 28 U.S.C. § 2241 with the United States District Court for the District of South Carolina, which was dismissed without prejudice on December 10, 2009. McCrimmon v. Mitchell, CV 409-2456, doc. no. 15, *adopted by*, doc. no. 18 (D.S.C. Dec. 10, 2009) (*hereinafter* CV 409-2456). Petitioner then submitted the instant § 2255 motion, as well his "Motion for . . . Withdrawal of Guilty Plea," both of which were executed and delivered to prison officials on April 14, 2011, and filed by the Clerk of Court on April 19, 2011.[2] (Doc. no. 1, p. 8; doc. no. 2, p. 4.)

In his "Motion for . . . Withdrawal of Guilty Plea," Petitioner argues that his guilty plea should be withdrawn due to alleged ineffective assistance of trial counsel and because he claims that he did not voluntarily and knowingly plead guilty. (Doc. no. 2, p. 1.) More specifically, Petitioner argues that the court improperly used two of his prior convictions to enhance his sentence, and because of that, his attorney should not have allowed him to plead

---

[2]Under Houston v. Lack, 487 U.S. 266, 276 (1988), Petitioner's motion is deemed filed on the date of delivery to prison officials for mailing. See also Adams v. United States, 173 F.3d 1339, 1341 (11th Cir. 1999) (*per curiam*) (§ 2255 motion deemed filed on date the petitioner "signed, executed, and delivered his petition to prison authorities for mailing"). Therefore, the date that Petitioner's motion was considered filed is April 14, 2011.

guilty. (Id. at 2-3.) Petitioner also claims that he would not have plead guilty had he known the court was going to use those convictions to enhance his sentence. (Id.)

In his § 2255 motion, Petitioner enumerates four grounds for relief; however, an examination of those grounds reveals only two actual bases for relief, which are merely repackaged and presented as four separate grounds. (See doc. no. 1, pp. 3-5.) In Grounds One and Four, Petitioner asserts that his trial counsel was ineffective because he allowed Petitioner to plead guilty despite knowing that the court was using two "illegal case[s]" to coerce Petitioner into pleading guilty. (Id. at 4-5.) In Grounds Two and Three, Petitioner argues that he did not voluntarily nor knowingly plead guilty as a result of the court's use of the "illegal case[s]." (Id. at 5.) Those "illegal case[s]" are the prior convictions that Petitioner refers to in his "Motion for . . . Withdrawal of Guilty Plea." (See id. at 5; doc. no. 2, p. 2 (listing 96-R-191 and 96-R-190 as the "illegal case[s]," and "the evidence that cause[d] this illegal sentence . . . enhancement," respectively).) Thus, Petitioner argues that his guilty plea should be withdrawn. (Doc. no. 1, pp. 5-6.)

## II. DISCUSSION

### A. Petitioner's "Motion for . . . Withdrawal of Guilty Plea"

As set forth above, the grounds enumerated in Petitioner's § 2255 motion are identical to the arguments Petitioner makes in his "Motion for . . . Withdrawal of Guilty Plea." (Compare doc. no. 1, pp. 3-5, with doc. no. 2, pp. 1-3.) Thus, Petitioner is attacking the validity of his sentence rather than its execution in both motions. As Petitioner was previously informed by the Honorable Terry L. Wooten, United States District Judge, when Petitioner filed a § 2241 petition in the District of South Carolina, in order to seek such relief

3

pursuant to § 2241, Petitioner must first satisfy the requirements of the savings clause of § 2255. CV 409-2456, doc. no. 15, *adopted by*, doc. no. 18. "Typically, collateral attacks on the validity of a federal sentence must be brought under § 2255." Darby v. Hawk-Sawyer, 405 F.3d 942, 944-45 (11th Cir. 2005) (*per curiam*).[3]

As discussed in detail, *infra*, § 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Here, Petitioner has attempted to avoid this requirement by seeking relief pursuant to § 2241, styled as a "Motion for . . . Withdrawal of Guilty Plea." However, a federal prisoner may only resort to § 2241 for the type of relief sought here upon a showing that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." Id. § 2255(e). Under Eleventh Circuit law, the circumstances under which a federal prisoner may invoke the so-called "savings clause" of § 2255 are tightly circumscribed.[4]

---

[3]It is worth noting that habeas corpus actions brought pursuant to 28 U.S.C. § 2241 are appropriately filed in the district where the petitioner is incarcerated. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenged his present physical custody within the United States, he should . . . file the petition in the district of confinement); Wofford v. Scott, 177 F.3d 1236, 1239 (11th Cir. 1999). Here, Petitioner is currently incarcerated at the Federal Correctional Institution in Fort Worth, Texas, which is located within the Northern District of Texas. (See doc. no. 1.) Thus, Petitioner's motion seeking relief under § 2241 should have been filed in the Northern District of Texas. Additionally, any future actions by Petitioner that seek relief pursuant to § 2241, should be filed in the district of his confinement..

[4]As stated above in footnote 3, Petitioner should have filed his motion seeking relief pursuant to § 2241 in the Northern District of Texas, which is located within the Fifth Circuit. However, since Petitioner filed the motion in this Court, and because the requirements to invoke the § 2255 savings clause in the Fifth and Eleventh Circuits are nearly identical, the Court proceeds to apply Eleventh Circuit law to Petitioner's "Motion for . . . Withdrawal of Guilty Plea." Compare Garland v. Roy, 615 F.3d 391, 394 (5th Cir. 2010), with Darby, 405 F.3d at 945.

4

First, a prisoner may not use the savings clause simply to circumvent the restrictions on filing a § 2255 motion. Wofford, 177 F.3d at 1245. In other words, "the mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy." Bridges v. Vasquez, 151 F. Supp.2d 1353, 1360 (N.D. Fla. 2001). Rather,

> [t]he savings clause only applies to "open a portal" to a § 2241 proceeding when (1) the "claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the petitioner was convicted for a non-existent offense; and, (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised."

Darby, 405 F.3d at 945 (quoting Wofford, 177 F.3d at 1244). "To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited." Id. (citing Sawyer v. Holder, 326 F.3d 1363, 1366 (11th Cir. 2003)). "Once the savings clause of § 2255 applies to open the portal to a § 2241 proceeding, the proper inquiry in that § 2241 proceeding will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.'" Wofford, 177 F.3d at 1244 n.3.

Here, Petitioner is not entitled to relief because he has not satisfied the test set forth above, all three prongs of which must be met before the savings clause of § 2255 can "open the portal" to § 2241 relief. In fact, Petitioner has made no allegations in an attempt to meet the above requirements. As Petitioner cannot satisfy the three-prong test set forth in Wofford, the savings clause does not apply. For this reason, Petitioner's "Motion for . . . Withdrawal of Guilty Plea" should be **DISMISSED**.

### B. Petitioner's § 2255 Motion is Barred as Untimely

Because Petitioner failed to meet the requirements of the savings clause and thus, has

not "opened the portal" to relief pursuant to § 2241, he must pursue the relief he seeks via his § 2255 motion. However, based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court finds that Petitioner is likewise barred from this potential avenue of relief due to his failure to comply with the applicable statute of limitations.

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As no direct appeal was filed in Petitioner's criminal case, his conviction and sentence became final on or about March 1, 2009, ten days after judgment was entered on February 19, 2009. See Fed. R. App. P. 4(b)(1).[5] Assuming Petitioner's AEDPA

---

[5]Pursuant to an amendment that went into effect on December 1, 2009, the time limit for filing an appeal was extended from 10 to 14 days following the date judgment was entered. See Fed. R. App. P. 4, Notes of Advisory Committee on 2009 Amendments. At the time of Petitioner's conviction, however, the time limit was 10 days, making that the

6

clock began running on this date, the instant motion, filed more than two years later, is untimely.

Additionally, the Court notes that the Eleventh Circuit has held that the statute of limitations in § 2255 may be subject to equitable tolling. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003), *aff'd*, 544 U.S. 295 (2005). Equitable tolling can be applied to prevent the application of the AEDPA's statutory deadline, if a petitioner can "show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. The petitioner bears the burden of proving his entitlement to equitable tolling, Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. Arthur v. Allen, 452 F.3d 1234, 1252 (11th Cir. 2006) (citing Pace, 544 U.S. at 418-19).

Here, Petitioner does not make any argument for equitable tolling, and no basis for such tolling is apparent upon an examination of the petition or the record. Accordingly, the Court concludes that there is no basis for equitably tolling the AEDPA's one-year statute of limitations.

---

operative rule with respect to determining the timeliness of the instant motion. The four-day extension of the time limit enacted by the 2009 amendment does not make any difference in this case.

Finally, the Court notes that consideration of an otherwise untimely petition for federal habeas relief may be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has resulted in the conviction of someone who is actually innocent." Murray v. Carrier, 477 U.S. 478, 495-96 (1985); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a petitioner seeking to invoke it must "show that it is more likely than not that no reasonable juror would have convicted him." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "In addition, 'to be credible, a claim of actual innocence must be based on reliable evidence not presented at trial.'" Id. (quoting Calderon v. Thompson, 523 U.S. 538, 559 (1998)).

Here, although Petitioner used the words "actual innocence" in Ground Three of his motion, he has not presented any new evidence to suggest that he did not commit the offenses with which he was charged such that no reasonable juror would have convicted him. (See doc. no. 1, pp. 4-6.) More importantly, Petitioner admitted the facts underlying his conviction as part of his plea agreement. CR 308-001, doc. no. 459, pp. 2, 6-8. Therefore, the actual innocence exception does not save the instant petition from being time-barred under the AEDPA.

In sum, Petitioner has offered no reason to suggest that the AEDPA statute of limitations began to run at any point within the one-year period preceding the filing of his § 2255 motion. Moreover, Petitioner has not satisfied the requirements for equitable tolling, and he has not presented any arguments sufficient to support a claim of actual innocence.

8

Accordingly, the instant motion is time-barred under the AEDPA's one-year statute of limitations.

## III. CONCLUSION

In sum, the Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Additionally, based on an initial review of his § 2255 petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that Petitioner's motion is time-barred by the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Petitioner's "Motion for . . . Withdrawal of Guilty Plea" and his § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 16th day of May, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE