ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2011 JUL -8 P 1: 12

CLERK _BMcAnlty_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| DONALD MCCRIMMON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 311-035 |
| | ) | (Formerly CR 308-001) |
| UNITED STATES OF AMERICA and | ) | |
| REBECCA TAMEZ, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 5). In his R&R, the Magistrate Judge recommended that Petitioner's "Motion for . . . Withdrawal of Guilty Plea," which sought relief pursuant to 28 U.S.C. § 2241, be dismissed due to Petitioner's failure to satisfy any of the three prongs of savings clause of § 2255, and that Petitioner's § 2255 motion be dismissed as untimely. (See doc. no. 3.)

Petitioner objects and lists a string of cases that he claims "rely on a 'new rule' of law previous[ly] unavailable," and thus, meet the requirements of the savings clause. (See doc. no. 5, pp. 3-4.) However, with the exception of a single case, the cases that Petitioner cites are not Supreme Court cases, and therefore fail to satisfy the requirements of the savings clause. (See doc. no. 3, p. 5 (citing Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (*per curiam*)).) The single Supreme Court case that Petitioner cites to is Padilla v.

Kentucky, 130 S. Ct. 1473 (2010), in which the Supreme Court found that the petitioner's trial counsel had engaged in deficient performance by failing to advise the petitioner that pleading guilty made him subject to automatic deportation. Id. at 1483. Here, although Petitioner asserts that his counsel was ineffective, he does not claim that he has been subject to deportation because of his guilty plea, but rather, argues that certain past convictions were used to improperly enhance his sentence. (Doc. no. 1, pp. 5-6; doc. no. 2.) As such, Padilla does not apply to Petitioner's claim and therefore fails to satisfy the saving clause. Thus, Petitioner's objection is **OVERRULED**. The remainder of Petitioner's objections are without merit and are also **OVERRULED**. Accordingly, the R&R of the Magistrate Judge is **ADOPTED** as the opinion of the Court.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the R&R, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. §

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

1915(a)(3).

Upon the foregoing, Petitioner's "Motion for . . . Withdrawal of Guilty Plea" (doc. no. 2) and his § 2255 motion (doc. no. 1) are **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 8th day of July, 2011, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE